Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

*Attorneys for Plaintiff H. Gomes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| H. GOMES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PROTECTIVE SERVICE, INC. (IPS), a New Mexico Corporation; DOUGLAS MACHADO, an individual; RON TODD JONES, an individual; and DOES 1-100, inclusive<br><br>Defendants. | Case No. 2:23-cv-32<br><br>**COMPLAINT**<br>[*Class Action and Collective Action Complaint*]<br><br>1.    Failure to Provide Adequate Pay Stubs Cal. Labor Code (the "Code") § 226(a)<br><br>2.    Failure to Pay Minimum Wage or Overtime, Code § 510, 1194; Wage Order 4<br><br>3.    Failure to Pay Minimum Wage or Overtime, FLSA, 29 U.S.C. § 201 *et seq.*<br><br>4.    Failure to Provide Timely Payment of Wages, Code § 201, 201.3, 203, 204, 210<br><br>5.    Failure to Provide Proper Meal Breaks, Code § 226.7 and 512 and Wage Order 4<br><br>6.    Failure to Provide Rest Breaks, Code § 226.7 and 512 and Wage Order 4<br><br>7.    Failure to Reimburse Business Expenses, Code § 2802<br><br>8.    Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* |

1

9.     Failure to Produce Employment Records Upon Request in Violation of Code § 226(b)

10.     Failure to Produce Employment Records Upon Request in Violation of Code § 1198.5

**DEMAND FOR JURY TRIAL**

Harry R. Gomes, Jr. ("Plaintiff" or "Gomes"), on behalf of himself as an individual and in his representative capacity under the Fair Labor Standards Act ("FLSA"), and under Rule 23 of the Federal Rules of Civil Procedure, alleges as follows:

### *JURISDICTION AND VENUE*

1.     This is a class action and FLSA collective action, seeking unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof, against Defendants International Protective Service, Inc. (IPS) ("IPS"), a New Mexico Corporation, Douglas Machado ("Machado"), Ron Todd Jones ("Jones") (collectively, "Defendants").  This action alleges that Defendants, *inter alia*, violated the FLSA as well as the California Labor Code and the California Business and Professions Code.

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings this case individually and as a class action on behalf of similarly situated individuals who have been employed by Defendants as hourly, non-exempt workers in California (collectively referred to as "Aggrieved Employees") at any time beginning four years prior to the filing of this action.  The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, wage statement violations, continuing wages, and unfair competition, among other claims.  Pursuant to 29 U.S.C. § 216(b), Plaintiff also brings this case individually and as an FLSA collective action on behalf of similarly situated individuals who have been employed by Defendants in California.

3.     Venue as to Defendants is proper in this United States District Court for the Central District of California (the "District") because a substantial part of the events or

omissions giving rise to the claims occurred in this District. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process.

4.    The unlawful acts alleged herein had a direct effect on and were committed within the State of California. This court has federal question and supplemental or ancillary jurisdiction over Plaintiff's allegations regarding the tardy payment of earned wages, in violation of the FLSA (Biggs v. Wilson, 1 F.3d 1537, 1541 (9th Cir. 1993) and the California Labor Code requirements for payment of both "continuing wages" and liquidated damages under the minimum wage law; Augustus violations by Defendants' misuse of walkie-talkies and/or cell phones; meal period and rest break violations; failure to reimburse expenses and the defense paying wages with defective wage statements; and potentially, the defense responsibility to pay PAGA civil penalties to the Labor and Workforce Development Agency ("LWDA") of the State of California, with Plaintiff and other employees to potentially receive a portion of the PAGA recovery. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). This Court has federal-question jurisdiction under 28 U.S.C. § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. This Court should exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction.)

5.    Emergency Rule 9 as promulgated by the Judicial Council of California provides: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Advisory Committee Comment notes that: "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of

Commencing Civil Actions), is construed "as including a special proceeding of a civil nature") . . . . The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure." Further, the pendency of class actions in California, <u>Cox v. International Protective Service, Inc. (IPS)</u>, Los Angeles Superior Court Case No. 22STCV18395 (filed June 6, 2022) and <u>Johnson v. International Protective Service, Inc.</u>, Los Angeles Superior Court Case No. 22STCV24154 (filed July 26, 2022) tolls any applicable statute of limitation implicated by the California state law claims herein.

## *PARTIES AND SUBSTANTIVE ALLEGATIONS*

6.    Plaintiff Gomes is an individual who during the time periods relevant to this Complaint, was a resident of the County of Los Angeles, State of California.  Plaintiff worked for Defendants in the County of Los Angeles, State of California, working for Defendants as a security guard.  Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

7.    Defendant IPS is a New Mexico corporation which at all times relevant herein, conducted business within the County of Los Angeles of the State of California.

8.    Defendants Machado and Jones are individuals who at all times relevant herein conducted business within the County of Los Angeles of the State of California. In Southern California, Machado operates the daily business of IPS.  For all operations, Jones is the President, COO and Secretary of Defendant IPS.  Machado and Jones were personally involved in and/or responsible for decisions regarding operations and compensation policy.

9.    Defendants' conduct as described herein is intentional, resulting in part from devoting insufficient resources to the payroll accounting and related human resources and compliance functions.

10.    The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiff at this time, who

therefore, sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Plaintiff is informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as is hereinafter alleged, either through Defendants" own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

11.    Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

12.    The Defendants are responsible joint employers for Code violations as they each meet at least one of the three joint employer tests in Martinez v. Combs, 49 Cal. 4th 35 (2010).  As joint employers, they are responsible for damages, penalties and attorneys' fees.

13.    Martinez advances three alternative tests for determining employer status, each of which is independently sufficient for purposes of resolving employer status.  See 49 Cal. 4th at 64–65.  In other words, even if this Court were to find that they were not employers under a one of the Martinez tests, they are responsible employers if either of the two remaining tests is satisfied.

14.    According to Martinez, an entity is an employer not only if it (a) "engage[s]" workers by "creating a common law employment relationship" (the Common-Law Test)

(b) "exercise[s] control over the wages, hours or working conditions" of the workers (the Wages, Hours or Working Conditions Test), or (c) "suffer[s] or permit[s]" the work (the Suffer or Permit Test). Id. at 64.

15. At all relevant times mentioned herein, section 558.1 of the Code provided:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Code § 558.1. Defendants, acting as joint employers, violated, or caused to be violated the relevant sections of the Code referenced herein. Here, the Defendants permitted Plaintiff to perform functions that are normally part of their business. The Defendants had a duty to ensure that Plaintiff was properly paid the wages that he had been promised, but they failed to do so in a proper or timely fashion. Defendants failed to ensure that Plaintiff was timely paid final wages.

16. It is "an employer's duty under the FLSA to maintain accurate records of its employees' hours" and that duty "is non-delegable." Kuebel v. Black & Decker Inc., 643 F.3d 352, 363 (2d Cir. 2011). Although Kuebel establishes that it is solely the employer's duty to keep track of hours worked under the federal FLSA, and although Plaintiff's wage-and-hour claims are brought under the state law, the fact remains that Defendants, at all times, was subject to the FLSA and therefore was itself required to keep track of Plaintiff's hours worked. See Troester v. Starbucks Corp., 5 Cal. 5th 829,

839 (2018) (explaining that, although California's wage-and-hour laws are "more protective than federal law" and that "California is free to offer [employees] greater protection," the FLSA "provide[s] a level of employee protection that a state may not derogate"). <u>Troester</u>, 5 Cal. 5th at 846 ("Nor is it clear why, when it is difficult to keep track of time worked, the employee alone should bear the burden of that difficulty"), 848 ("An employer may be able to customize and adapt available time tracking tools or develop new ones when no off-the-shelf product meets its needs.  And even when neither a restructuring of work nor a technological fix is practical, it may be possible to reasonably estimate work time . . . and to compensate employees for that time."). <u>Marlo v. United Parcel Serv., Inc.</u>, No. CV 03-04336 DDP (RZx), 2009 WL 1258491, at *3 (C.D. Cal. May 5, 2009) explains that, under California law, "employers must keep track of the hours . . . employees work."

17.    In addition, Defendants always failed to provide proper meal periods and rest breaks since Plaintiff and other employees were required to monitor their walkie-talkies and/or their personal cell phones all day.  Accordingly, they are entitled to premium wages for Defendants' failure to provide compliant rest breaks or meal periods.  Plaintiff and the 17200 Class consistently worked more than 5-hour shifts.  However, they were required to keep their walkie talkies or radios on their persons, turned on and audible at all times, including their rest periods and meal breaks.  Accordingly, they were denied their breaks and are entitled to an additional thirty minutes of wages for each faux meal break and or rest period.  <u>Augustus v. ABM Security Services, Inc.</u>, 2 Cal.5th 257 (2016).

18.    Defendants did not compensate Plaintiff or other employees as required by sections 201, 202, 203 and/or 210 of the Code.

19.    Defendants failed to fully compensate Plaintiff and other nonexempt workers who performed services in California for Defendants, the Aggrieved Employees, for work performed.  Plaintiff and the Aggrieved Employees worked as security personnel, toiling more than eight hours in a single day and over forty hours in a work week, yet not being

paid timely or with appropriate wage statements, all due to Defendants' insufficient funding of the payroll accounting function and desire to reduce costs by forcing workers to toil "off the clock" both before and after their formally scheduled shifts.

## SUBSTANTIVE ALLEGATIONS

20.    An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

21.    Aggrieved Employees include all non-exempt California workers who worked for Defendants during the four years prior to filing of this Complaint.   Aggrieved Employees were not provided with all required wages under California law on account of Defendants' failure to provide adequate rest and meal-break compensation as well as on account of Defendants' failure to pay Aggrieved Employees for all hours worked, employing an illegal "rounding" regime in its timekeeping practices.  As to such wages, section 512 of the Code provides, in relevant part:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 4 states, in pertinent part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30

minutes." 8 Cal. Code Regs. 11040 § 11(A).  Likewise, Wage Order 4 states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." 8 Cal. Code Regs. 11040 § 12(A). Furthermore, according to section 226.7 of the Code, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period . . . is not provided."  Code § 226.7(b). Under the Code, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Code § 204(a).  Compensation for missed meal and rest periods constitutes wages within the meaning of section 220 *et seq.* of the Code.

22.    Code §§1194(a) states in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

23.    Further, pursuant to Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

24.    In addition, pursuant to the applicable IWC Wage Order 4, Defendants are required to pay the for all hours worked (meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so) at the appropriate minimum wage.

25.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently administered a uniform company policy and practice as to the pay policies regarding the Aggrieved Employees; rounded the actual time worked and recorded by the members of the Aggrieved Employees, usually down, so that during the course of the their employment, the Aggrieved Employees were paid far less than they would have bid had they been paid for actual recorded time rather than "rounded" time, and less than the appropriate minimum wage; and utilized an 'auto-deduct' meal period policy that automatically deducted thirty minutes for a meal break, regardless of whether the Aggrieved Employees were actually provided a meal break, failed to always provide the Aggrieved Employees with a full and uninterrupted thirty-minute meal break, and as such, scheduled to work and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

26.    As such, in at least two compelling ways, Defendants required the Aggrieved Employees to remain under Defendants' control without pay, which resulted in the Aggrieved Employees earning less than the legal minimum wage in the State of California.

27.    Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the Aggrieved Employees as described herein is unlawful and creates entitlement, pursuant to Code § 1194 (a), to recovery by the Aggrieved Employees, in a civil action, for the unpaid balance of the full amount of the unpaid wages owed.

28.    Further, with respect to section 204 of the Code, the Defendants did not always timely pay wages on the "days designated in advance by the employer as the regular paydays."  Further, the defense ignored the mandatory provisions of section 201.3 of the Code, providing that a "[t]emporary services employer pay workers their wages "no less frequently than weekly."  At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

COMPLAINT

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204. Similarly, at all times relevant hereto, the provisions of the FLSA, 29 U.S.C. § 201 et seq., require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207. Defendants failed to pay all accrued minimum wages in a timely fashion.

29.    The nature of the work at Defendants are such that there are times when Plaintiff and Aggrieved Employees are not provided timely lunch breaks and do not take them. On other occasions Plaintiff and Aggrieved Employees are provided timely lunch breaks, but thereafter they are called back to work before the passage of thirty uninterrupted minutes or otherwise interrupted for business purposes during the break. However, for at least the period of time commencing four years prior to the filing of this Complaint to the present, Defendants failed to provide Plaintiff and the other Aggrieved Employees with meal-period premium wages for those occasions on which they were not provided with adequate meal periods. Defendants failed to provide such wages despite the fact that it kept track of those instances during which its employees either missed a meal period or were not provided an adequate meal period so that it could reverse the automatic meal-period deduction taken by its payroll system each workday. In addition to subjecting Defendants to payment of penalties and damages to Plaintiff, Defendants' failure to provide such compensation subjects it to civil penalties. See Code §§ 210, 558, 2698 et seq.; 8 Cal. Code Regs. 11040 § 20. In part, Wage Order 4 provides:

In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

(3) The affected employee shall receive payment of all wages recovered. Likewise, there are times in which Plaintiff was not provided rest periods. Often, Plaintiff and the Aggrieved Employees were not able to take rest periods or meal breaks because of their schedules and were not compensated for this time. Further, Defendants failed to follow IWC Wage Order 4 which requires an employer to keep time records of meal periods unless all operations cease during such periods. See 8 Cal. Code Regs. 11040 § 7(A)(3). The FLSA also required employers to track employee time, a practice which Defendants did not follow, all resulting in the requirement that Defendants employ the workers in accord with the strictures of Naranjo v. Spectrum Security Services, Inc., 2022 Cal. LEXIS 2878 (May 23, 2022) and Donohue v. AMN Services, 11 Cal. 5th 58 (2021). On information and belief, Plaintiff contends that Defendants failed to provide Aggrieved Employees with the data required by section 226(a) of the Code. For example, Defendants failed to provide the legal name and address of the employer, did not reflect accrued premium wages owing on account of missed meal periods and rest breaks, or "the rate of pay and the total hours worked for each temporary services assignment." The stubs failure to record premium wages owing on account of Defendants' failure to provide proper meal periods and rest breaks violated Naranjo v. Spectrum Security Services, Inc., 13 Cal. 5th 93 (2022).

30.   Defendants' failure to provide the correct information on wage statements has caused confusion by making it impossible for Plaintiff to determine whether or not they have been paid correctly, for example, with respect to accrued premium wages owning for employer failure to provide proper meal periods and/or rest breaks.   Further, although Defendant IPS is a temporary service provider, the IPS wage statements failed to provide the rate of pay and total hours worked for each temporary services assignment.

31.   In addition to subjecting Defendants to the damages specified in section 226(e), Defendants' failure to provide such information subjects it to civil penalties.  See Code §§ 226.3, 2698 *et seq.*; 8 Cal. Code Regs. 11040 § 20.

32.   Section 2802 of the Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties." Id. § 2802(a).  On information and belief, Plaintiff contends that Defendants failed to provide reasonable reimbursement to Aggrieved Employees of their expenses in maintaining personal cell phones. In addition to subjecting Defendants to damages, the failure of Defendants to provide such reimbursement subjects it to civil penalties.  See Code § 2698 *et seq.*

33.   At all relevant times mentioned herein, section 1174 of the Code provided in pertinent part:

Every person employing labor in this state shall:

. . .

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employee shall not prohibit an

employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

Code § 1174.

34.    Industrial Welfare Commission Order 4 further requires Defendants to maintain time records that show when an employee's meal periods were taken. Aggrieved Employees are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked and meal periods they took, and to have access to such records upon request to Defendants.  Instead, Defendants took automatic thirty-minute meal period deductions from each worker's wages, regardless of the time actually provided for a meal period.

35.    Defendants knowingly and intentionally failed to provide records in writing and refused to allow access to such records as required by section 1174 Code and Industrial Welfare Commission Order 4.

36.    Code § 2810.5 requires an employer to provide employees with notice of, inter alia, the following: 1) each and every rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable; 2) regular payday designated by the employer as required by law; 3) the name of the employer, including any "doing business as" names used by the employer; 4) the physical address of the employer's main office or principal place of business, and a mailing address, if different; 5) the telephone number of the employer; and 6) the name, address, and telephone number of the employer's workers' compensation insurance carrier. When Defendants made any changes to Plaintiff's and Aggrieved Employees' rate of pay or pay plan, Defendants did not provide proper notice of these changes as required by Code § 2810.5. Defendants are therefore liable for civil penalties for violation of Code § 2810.5.

37.    At all times relevant hereto, sections 510, 1194, and 1198 of the Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours

worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

38.    At all relevant times mentioned herein, section 510 of the Code provided, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one-and-one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following: (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Code § 510(a).

39.    At all relevant times mentioned herein, section 1194 of the Code provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil

COMPLAINT

1  action the unpaid balance of the full amount of this minimum wage or

2  overtime compensation, including interest thereon, reasonable attorney's

3  fees, and costs of suit.

4  Id. § 1194(a).

5      40.    At all relevant times mentioned herein, section 1198 of the Code provided, in

6  relevant part:

7      The maximum hours of work and the standard conditions of labor fixed by

8      the commission shall be the maximum hours of work and the standard

9      conditions of labor for employees.  The employment of any employee for

10      longer hours than those fixed by the order or under conditions of labor

11      prohibited by the order is unlawful.

12  Code § 1198.

13      41.    Plaintiff worked for Defendants for more than three years prior to the filing

14  of the Complaint.  Plaintiff is informed and believes and based thereon alleges that, as a

15  matter of uniform company policy, Aggrieved Employees who worked in excess of eight

16  hours a day and/or forty hours a week were not paid proper overtime compensation for all

17  such hours worked, insofar as Defendants failed to use the correct regular rate when

18  computing overtime wages and Defendants routinely failed to pay overtime wages at all

19  on account of services performed.

20      42.    Plaintiff is informed and believes, and based thereon alleges, that

21  Defendants' labor practices and all other aspects of its operations, as well as the job duties

22  of Aggrieved Employees and manner of compensating them, are stringently controlled

23  and monitored pursuant to uniform standards established by Defendants that apply

24  throughout the company and certainly throughout the State of California.  Plaintiff is

25  informed and believes, and based thereon alleges, that Defendants requires compliance

26  with detailed standards for completing assigned tasks and running its operations.  As a

27  result, Defendants functions and operates in substantially the same fashion at all

28

COMPLAINT

California airports.  Accordingly, the Aggrieved Employees are similarly situated with regard to the matters alleged herein.

43.    Plaintiff is informed and believes, and based thereon alleges that Defendants uniformly applies policies and procedures to all Aggrieved Employees with respect to compensation for missed meal periods and overtime.

44.    Plaintiff is further informed and believes, and based thereon alleges that Defendants uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendants, as alleged herein above and below, Plaintiff has suffered and continue to suffer damages.

45.    ***Unfair Competition.***  Through the violations described in this Complaint, Defendants have gained a decided advantage over competitors that abide by California's laws relating to wage statements, reimbursement of expenses, meal periods and rest breaks, timely payment of final wages, and minimum wage and overtime laws. Defendants' unlawful practices constitute unfair competition.  Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

## CLASS-ACTION ALLEGATIONS

46.    Plaintiff brings the referenced causes of action below on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

(a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact

common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23.

47.    Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiff seeks to represent a "Code Class" composed of and defined as follows:

For the period three years and 180 days prior to the filing of this Complaint to date, all persons issued wage statements on account of services provided for Defendants in California (such persons are referred to hereafter as Code Class Members, and such period is referred to hereafter as the Class Period).

48.    Plaintiff seeks to represent a "226 Class" composed of and defined as follows:

For the period one year prior to the filing of this Complaint to date, all persons issued wage statements on account of services provided for Defendants in California (such persons are referred to hereafter as 226 Class Members, and such period is referred to hereafter as the Class Period).

49.    Further, Plaintiff seeks to represent a "17200 Class" composed of and defined as follows:

For the period four years and 180 days prior to the filing of this Complaint to date, all persons issued wage statements by Defendants on account of services for Defendants in California (such persons are referred to hereafter as 17200 Class Members, and such period is referred to hereafter as the Class Period).

**Numerosity**

50.    The potential members of each Class as defined are so numerous that joinder of all the members of any Class is impracticable. The number of Class Members is great, but not so great as to make the class unmanageable.  It, therefore, is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the

most economically feasible means of determining the merits of this litigation. The
Defendants have employed at least 80 persons in the proposed classes, yet not so many as
to make this case unmanageable.

51.    Despite the size of the proposed Classes, the Class Members are readily
ascertainable through an examination of the records that Defendants are required by law to
keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by
an examination of those same records.

**Commonality**

52.    There are questions of law and fact common to each Class that predominate
over any questions affecting only individual Class Members. These common questions of
law and fact include, without limitation:

a. Whether Defendants failed to pay all wages in a timely fashion in
   violation of sections 201.3, 203 and/or 204 of the Code.

b. Whether Defendants' failure to provide weekly, accurate itemized wage
   statements identifying the legal name and address of the employer to each
   and every employee violates Code section 226(a), as for example the
   Defendants failed to provide a physical address at which the corporate
   defendant might be served.

c. Whether Defendants' untimely and/or nonpayment of wages give rise to
   damages and liquidated damages for failure to pay minimum wages under
   Code section 1194.2.

d. Whether Defendants' failure to provide rest breaks to each and every
   employee violates Code section 226.7.

e. Whether Defendants' failure to reimburse employees for the maintenance
   of their uniforms and/or for use of their personal cell phones violates Code
   section 2802.

COMPLAINT

f.  Whether Defendants' failure to provide meal breaks to each and every employee violates Code sections 226.7 and 512.

g.  Whether Defendants are subject to the requirements of Code section 201.3.

**Typicality**

53.    There is a well-defined community of interest in the questions of law and fact common to the Class Members.

54.    The claims of the named Plaintiff are typical of the claims of each Class, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and applicable Wage Order 4.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

**Adequacy of Representation**

55.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represents Plaintiff is competent and experienced in litigation large employment class actions.  Neither Plaintiff nor his counsel have any conflict with either Class.

**Superiority of Class Action**

56.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay hourly wages, failing to pay overtime wages, failing to provide Class Members rest and meal periods without legal compensation.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is

most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action.  The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Defendants are small when compared with the efficiency of a class action.

57.    Plaintiff and Class Members are entitled to payment of their unpaid wages, liquidated damages thereon, unpaid overtime, and interest as well as such other relief as may be deemed appropriate in the circumstances.

58.    Defendants, as to Plaintiff and each Class Member, also failed to accurately provide the data required by section 226(a) of the Code and, accordingly, Defendants' failure to provide such data entitles each Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.  For example, insofar as Defendants automatically deduct minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendants are required to show this sum on its itemized wage statements.  The failure to provide Plaintiff and each Class Member with the required data, caused Plaintiff and each Class Member injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wages statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Code § 226(e)(2)(B).

59.    Defendants' failure to pay wages as provided by section 226.7 of the Code and the applicable Wage Order entitles each Plaintiff and Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper meal and rest

periods and an additional hour of pay at the employee's regular rate of compensation for each workday that the proper meal and rest periods were not provided, as well as liquidated statutory damages.

60.    Defendants failed to reimburse Plaintiff and each Class Member for the required maintenance of their uniforms or for use of their personal cell phones.  Plaintiff and each Class Member is therefore entitled to damages, including interest thereon, and they request such relief as well as civil penalties, all in accord with the requirements of section 2802 of the Code.

61.    Defendants' practice of systematically deducting from wages to recoup routine advances made to Plaintiff and the Class, in the immediately prior paycheck, notwithstanding the requirements of Code §§ 221, 224, entitles Plaintiff to damages including interest thereon, and they request such relief.

62.    Defendants' practice of failing to maintain accurate payroll and timekeeping records has damaged Plaintiff and Class Members, in that they are unable to determine from the wage statements alone the actual wages to which they are legally entitled.

63.    The number of Class Members is great, believed to be in excess of 40 persons, but less than 500, so as to make the class unmanageable.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

64.    Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

65.    There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member.  These common questions include, but are not limited to, the following:

a.    Whether Defendants failed to comply with sections 221 and 224 of the

Code by making improper deductions from wages.

b.  Whether Defendants failed to provide employees with proper meal and rest periods.

c.  Whether Defendants failed to provide a one-hour wage premium in those instances when employees were not provided with a meal and/or rest period.

d.  Whether Defendants failed to maintain accurate timekeeping and payroll records.

e.  Whether Defendants' failure to provide accurate itemized wage statements to each and every employee violates sections 226.

f.  Whether Defendants failed to reimburse expenses under Code section 2802.

g.  Whether Defendants failed to pay minimum wage under Code sections 510, 1194 and 1197.

66.  There is a well-defined community of interest in the questions of law and fact common to the Class Members.

67.  Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and/or the applicable Wage Order. By not paying the required wages weekly, Defendants incurred substantial liability for liquidated damages.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

68.  A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court.  In that regard, the claims of each individual member of the Class are too small to litigate individually and the

COMPLAINT

commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

69.    The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendants are small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

70.    In this collective action, Plaintiff seeks to represent all individuals employed by Defendants who, at any time during the three years preceding the filing of this Complaint, up to the time of the filing of a motion for certification of a collective action, were or have been paid wages on account of services provided for Defendants in California (the "Collective Action Members").  Attached hereto as Exhibit 1 is a true and correct copy of the FLSA consent form for Plaintiff Gomes.

71.    Plaintiff is similarly situated with the Collective Action Members in that: (a) Plaintiff and the Collective Action Members were employed by Defendants; (b) Plaintiff and the Collective Action Members were not paid their minimum or overtime wages for all hours worked; (c) Defendants knowingly and willfully violated provisions of the FLSA by not paying Plaintiff and the Collective Action Members their wages; (d) As a result of the

practice of Defendants of withholding compensation for all hours worked, Plaintiff and the Collective Action Members have been similarly damaged in that they have not received timely payment in full of their earned wages, for unpaid work and otherwise.

72. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA. Defendants, as to Plaintiff and Collective Action Members, failed to comply with the FLSA, and, accordingly, Defendants' failure to make timely payment entitles Plaintiff and each Collective Action Member to statutory damages and/or liquidated damages.

## **FIRST CLAIM FOR RELIEF**

Failure to Provide Adequate Pay Stubs in Violation of Code §§ 226(a), 201.3

(Claim by Plaintiff and Class Members and against Defendants)

73. Plaintiff repeats and re-alleges the paragraphs herein as if fully set forth herein.

74. The Code requires employers to furnish each employee with an itemized statement on a weekly basis with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions. See Code § 226(a). Code section 226 requires employers to provide access to such records. See Code § 226(b). Plaintiff and Class Members are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

75. Defendants failed to timely provide Plaintiff and Class Members with wage statements conforming to the requirements of section 226(a) of the Code. For example, insofar as Defendants automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226. Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendants are required to show this sum on its itemized wage statements. Defendants failed to provide its legal name and address. The failures to

provide Plaintiff and Class Members with the required data, caused Plaintiff and Class Members injury by depriving them of information to which they were legally entitled.

76.    Despite the requirements of the statute, it is not possible for Plaintiff and/or Class Members "from the wages statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Code §226(e)(2)(B).

77.    Plaintiff and Class Members were injured by Defendants' failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Code section 226(e), including reasonable attorney's fees, civil penalties and costs of suit.  Further, this Court should enter injunctive relief requiring Defendants to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees, and enabling the Defendants to properly comply with section 226(a) of the Code by, for example, providing an accurate statement of all hours worked, as well as gross and net wages.

## SECOND CLAIM FOR RELIEF

Failure to Pay Minimum Wage or Overtime in violation of Code §§ 510, 1194, 1197 and IWC Wage Order 4

(Claim by Plaintiff and Class Members against Defendants)

78.    Plaintiff repeats and re-alleges the paragraphs herein as if fully set forth herein.

79.    Section 1197 of the Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Code § 1197.

80.    Defendants, by failing to pay Plaintiff and Class Members, at least the minimum wage and/or overtime compensation for all of their hours worked, as required by and in sections 510, 1194 and 1197 of the Code, stand in violation of law.

81.    During all relevant time periods after January 1, 2000, Code section 510 applied to Plaintiff and Class Members and provided that any work performed by a non-exempt employee in excess of eight hours a day or in excess of forty hours a week must be compensated at one-and-one-half times the employee's regular rate of pay. Work in excess of twelve hours per day must be compensated at double time. Defendants did not properly compensate Plaintiff and Class Members for all hours worked. Defendants also failed to properly calculate the overtime rate of wages owing to Plaintiff and Class Members.

82.    Defendants' improper actions have proximately caused Plaintiff and Class Members damages that they are entitled to recover, including their unpaid overtime compensation and penalties, civil penalties and/or liquidated damages arising therefrom, as well as interest thereon, costs, and attorney's fees.

83.    In failing to compensate Plaintiff and Class Members for minimum wages and overtime, Plaintiff informed and believe and based thereon allege that Defendants acted and continue to act maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and Class Members by reaping economic gain at their expense, in a willful and conscious disregard of their statutory and regulatory right to minimum wage and overtime compensation.

84.    Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known that Plaintiff and Class Members should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for all their time worked and their overtime labor, thereby subjecting Defendants to damages, penalties and civil penalties.

85.    Such a pattern, practice, and uniform administration of corporate policy

regarding illegal employee compensation, as described herein, is unlawful, and Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, civil penalties, reasonable attorney's fees, and costs of suit pursuant to the Code.  Plaintiff requests such a recovery.

## **THIRD CLAIM FOR RELIEF**

Failure to Pay Minimum Wage and/or Overtime,

Fair Labor Standards Act, 29 U.S.C. § 216(b)

(On Behalf of Plaintiff and Collective Action Members Against Defendants)

86.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

87.    Defendants intentionally and improperly failed to pay Plaintiff and Collective Action Members minimum wage/overtime compensation to which they are entitled.  The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

88.    During their employment with Defendants, Plaintiff and Collective Action Members were not timely or fully paid for all of their time worked, for the benefit of the Defendants and otherwise.

89.    Accordingly, Plaintiff and Collective Action Members request payment of minimum wage and/or overtime according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## **FOURTH CLAIM FOR RELIEF**

Failure to Provide Timely Wages in Violation of Code §§ 201, 201.3, 202, 203, 204, 210

(Claim by Plaintiff and Class Members against Defendants)

90.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

91.    At all relevant times mentioned herein, section 203 of the Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Code § 203.

92.    By failing to pay timely Plaintiff and Class Members all wages when due at the end of employment, Plaintiff and Class Members are entitled to proper wages pursuant to section 201, 201.3, 202 and/or 203 of the Code.

93.    At all times relevant herein, section 204 of the Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Code § 204.

94.    Plaintiff was employed by Defendants from in or about July 2021 until in

or about October 2022, when his employment was terminated.  In no event should Plaintiff or the Aggrieved Employees have been paid wages later than the time periods established by sections 201 or 204 of the Code, but certain payments to Plaintiff and the Aggrieved Employees were made after they were due, or not at all, leading to penalties and civil penalties under sections 201, 201.3, 202, 203 and 204 of the Code.

95.    At all times relevant herein, section 210 of the Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Code § 210.  The Defendants' policy has been to devote insufficient capital, manpower and other required resources to its business, including the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 201, 201.3, 202, 203 and 204 of the Code.

## **FIFTH CLAIM FOR RELIEF**

Failure to Provide Meal Breaks and Associated Meal Break Premium Wages in Violation of Code §§ 226.7 and 512

(Claim by Plaintiff and Class Members against Defendants)

96.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

97.    At all times herein relevant, sections 226.7 and 512 of the California Labor Code provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than six hours and a second thirty-minute meal period if an employee works for a period more than twelve hours in a workday.  Plaintiff

and the Class consistently worked more than 6-hour shifts. However, they were required to keep walkie talkies on their persons, turned on and audible at all times, including during their meal breaks and rest periods, in violation of Augustus v. ABM Security Services, Inc., 2 Cal. 5th 257 (2016).

98.    On shifts during which Defendants were required to provide meal periods to Plaintiff and Class Members in accordance with California law, the employees were often deprived of the opportunity to take compliant meal periods.  Nevertheless, Plaintiff and Class Members were routinely not paid earned meal period premium wages. In addition, Plaintiff and Class Members routinely had thirty minutes deducted from their wages, as the Defendants failed and refused to keep track of the precise times when meal breaks were provided, for example, by permitting the employees to "punch out" when leaving for a meal break and "punch in" when returning.  The instances of Defendants' violations are recorded in Defendants' payroll system.  Under the Code and the IWC's Wage Order, Plaintiff and Class Members are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day during which they were deprived of meal periods, as well as an award of civil penalties to the LWDA on account of the above-described practices.  See Code §§ 512, 226.7.

99.    Defendants' pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period premiums owing, reimbursement of improperly deducted earned wages, reasonable attorney's fees, and costs of suit pursuant to the Code.  Plaintiff and Class Members request such a recovery.

100.    Code § 226.7 makes it unlawful for an employer to require any employee to work during any meal period mandated by an applicable California IWC Wage Order, statute, or regulation.

101.    During all times relevant, Defendants failed to provide meal periods as mandated by California law to Plaintiff in violation of Code § 226.7.

COMPLAINT

102.   Defendants failed to pay Plaintiff and Class Members timely meal period premium wages in conformance with the requirements of law.  For this violation, Plaintiff and Class Members are entitled to and seek one hour of premium pay for each day in which a meal period was not provided.  In addition, with respect to those days during which Defendants automatically deducted a thirty-minute meal break from an employee, even though no such meal break was provided or fewer than thirty minutes was provided, Plaintiff and the Class Members seek recovery of any and all available remedies to the extent permissible, including recovery of wages, penalties, civil penalties, interest, attorneys' fees, and costs. Further, this Court should enter injunctive relief requiring Defendants to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees.

103.   Because Defendants failed to properly provide the proper meal periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7.  Plaintiff also requests relief as described below.

## SIXTH CAUSE OF ACTION

Failure to Provide Rest Periods and Associated Rest Period Premium Wages

in Violation of Code §§ 226.7 and 512

(Claim by Plaintiff and Class Members against Defendants)

104.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

105.   At all times herein relevant, section 226.7 of the Code and 8 California Code of Regulations section 11040 provided that employees must be provided rest periods of ten minutes for each four hours of work or major fraction thereof.  Defendants routinely failed to provide sufficient relief worker assistance to enable its employees to always take such rest breaks.

106.   Defendants' pattern, practice, and uniform administration of corporate policy

COMPLAINT

regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the rest-period premiums owing, reimbursement of improperly deducted earned wages, reasonable attorney's fees, and costs of suit pursuant to the Code.  Plaintiff and Class Members request such a recovery.

107.   Code § 226.7 makes it unlawful for an employer to require any employee to work during any rest break mandated by an applicable California IWC Wage Order, statute, or regulation.

108.   Because Defendants failed to provide the required rest breaks, they are liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday during which the proper rest periods were not provided, pursuant to Code section 226.7, for the period of time from the three years prior to the filing of the Complaint to date.

109.   During all times relevant, Defendants failed to provide rest breaks as mandated by California law to Plaintiff in violation of Code § 226.7.

110.   Defendants failed to pay Plaintiff and Class Members timely rest period premium wages in conformance with the requirements of law.  For this violation, Plaintiff and Class Members are entitled to and seek one hour of premium pay for each day in which a rest period was not provided.

111.   Plaintiff and the Class consistently worked more than 4-hour shifts. However, they were required to keep phones on their persons, turned on and audible at all times, including during their rest breaks. Pursuant to Labor Code section 226.7 and Wage Order 12, Plaintiff and the Class are entitled to damages in an amount equal to one hour of wages per missed rest period, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

Failure to Reimburse Necessary Expenses in Violation of Code § 2802

(Claim by Plaintiff and Class Members against Defendants)

112.   Plaintiff realleges and incorporates herein by reference the allegations

COMPLAINT

1    contained in this Complaint as though fully set forth herein.

2    113.    In discharge of their duties, Defendants required Plaintiff and Class Members

3    to maintain their uniforms and make use of their personal cellular phones.

4    114.    Pursuant to section 2802 of the Labor Code, Plaintiff and Class Members are

5    entitled to reimbursement of their out-of-pocket expenses from Defendants and damages

6    in addition to interest thereon, attorney's fees and costs.

7                          **EIGHTH CLAIM FOR RELIEF**

8              Violation of California Business and Professions Code § 17200 et seq.

9                (Claim by Plaintiff and Class Members and against Defendants)

10    115.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

11    herein.

12    116.    California Business and Professions Code section 17200 *et seq.* prohibits acts

13    of unfair competition, including any "unlawful, unfair, or fraudulent business act or

14    practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that Defendants have

15    engaged in unfair business practices in California by the above-described violations,

16    including failure to pay meal-period or rest break premium wages to Plaintiff and Class

17    Members, failure to pay minimum and overtime wages to Plaintiff and Class Members,

18    automatically forcing deduction of thirty minutes from the earned wages of its employees

19    and failing to keep track of the actual time spent on meal breaks, failure to maintain

20    accurate payroll records, failure to provide adequate paystubs to Plaintiff and Class

21    Members in violation of Code section 226(a), failure to pay final wages to quitting and/or

22    discharged employees and failure to provide proper rest breaks and meal periods.

23    117.    Defendants' actions entitle Plaintiff and Class Members to seek the remedies

24    available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts

25    from Defendants, as necessary and according to proof, to restore any and all amounts—

26    including interest—withheld, acquired, or converted by Defendants by means of the unfair

27    practices complained of herein. Plaintiff, on behalf of himself and other similarly situated

28    employees, as well as on behalf of the general public, further seek attorney's fees and

costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

## NINTH CLAIM FOR RELIEF

Failure to Provide Employment Records Upon Request Code § 226(b)

(Claim on Behalf of Plaintiff Against Defendants)

118.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

119.   Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

120.   Plaintiff has requested that Defendants permit inspection or copying of his employment records pursuant to Labor Code section 226(b).  Defendants have failed to provide Plaintiff with an opportunity to inspect or copy their employment records within 21 days of his request.  Defendants have produced some, but not all, of Plaintiff's records.

121.   Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty-dollar ($750) penalty for the violation, reasonable attorney's fees, and the costs of bringing this cause of action.

## NINTH CLAIM FOR RELIEF

Failure to Provide Employment Records Upon Request Code § 1198.5

(Claim on Behalf of Plaintiff Against Defendants)

122.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

123.   Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the personnel records pertaining to that current or former employee, upon reasonable request to the employer.

124.   Plaintiff requested that Defendant permit inspection or copying of their personnel records pursuant to Labor Code section 1198.5.  Defendants have failed to

provide Plaintiff with an opportunity to inspect or copy the employment records within 30 days of their request.

125.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty-dollar ($750) penalty for the violation, reasonable attorney's fees, and the costs of bringing this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

1.    That the Court certify the collective action, and classes described in this Complaint.

2.    With respect to the first claim for relief, in accord with <u>Naranjo</u> and otherwise, that the Court enter judgment in favor of Plaintiff and Class Members for damages, reasonable attorney's fees, and costs of suit, all according to proof in an amount of at least $5,000 against Defendants.

3.    With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiff and Class Members for payment of their unpaid minimum wage and overtime compensation (including without limitation with respect to its forced auto-deduct practices regarding meal breaks), interest thereon, reasonable attorney's fees, and costs of suit, all according to proof, in accordance, inter alia, with sections 1194 and 1194.2 against Defendants.

4.    With respect to the third claim for relief under the FLSA, Plaintiff and Collective Action Members be awarded their unpaid continuing wages, compensation, liquidated damages, and attorneys' fees and costs, according to proof in an amount of not less than $100,000, pursuant to 29 U.S.C. § 216(b), against Defendants.

5.    With respect to the fourth claim for relief, in accord with <u>Naranjo</u> and otherwise, that this Court enter judgment in favor of Plaintiff and Class Members for damages, penalties, reasonable attorney's fees and cost of suit, all according to proof against Defendants, in amount of at least $400,000.

6.    With respect to the fifth claim for relief, that the Court enter judgment in favor of Plaintiff and Class Members for wages, and meal-period premium wages, in accord with <u>Naranjo</u> and otherwise, interest thereon, and reasonable attorney's fees and costs, all according to proof, against all Defendants, as well as appropriate injunctive relief.

7.    With respect to the sixth claim for relief, that the Court enter judgment in favor of Plaintiff and Class Members for wages, rest-period premium wages, in accord with <u>Naranjo</u> and otherwise, interest thereon, and reasonable attorney's fees and costs, all according to proof, against all Defendants, as well as appropriate injunctive relief.

8.    With respect to the seventh claim for relief, that the Court enter judgment in favor of Plaintiff and Class members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance with Code section 2802(c).

9.    With respect to the eighth claim for relief, that the Court enter judgment in favor of Plaintiff and Class Members and that it be adjudged that Defendants' herein violations of the Code, IWC Wage Order 4 and the FLSA constitute violations of section 17200 *et seq*. of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to him and to Members of the Class in the form of the compensation and improper earnings retained by Defendants on account of their illegal practices.  Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of this claim for relief, against Defendants.

10.    With respect to the ninth claim for relief, that this Court enter judgment in favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided by Code section 226(b) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Code section 226(f) and (g), against Defendants.

11.    With respect to the tenth claim for relief, that this Court enter judgment in

COMPLAINT

favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided
by Code section 1198.5(k) in the amount of $750, and for reasonable attorneys' fees and
costs of suit pursuant to Code section 1198.5(l), against Defendants.

12.    For such further relief as the Court may order, including reasonable
attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the
California Labor Code, as well as section 1021.5 of the California Code of Civil
Procedure.

DATED:  January 4, 2023                    HARRIS & RUBLE

*Alan Harris*

Alan Harris
*Attorneys for Plaintiff*

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all claims for relief.


DATED: January 4, 2023                    HARRIS & RUBLE

*Alan Harris*

Alan Harris
*Attorneys for Plaintiff*


## **INDEX TO EXHIBITS**

Exhibit 1 – FLSA Consent Form for Plaintiff Gomes

COMPLAINT